In re Petition for Naturalization of Hugh Lonsdale TURRITTIN and Adele Fritz Turrittin in behalf of Ute Porsche Turrittin.

No. 24124.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 7, 1963.

No appearance for petitioners.

Maurice Sher, Naturalization Examiner, Immigration and Naturalization Service, St. Paul, Minn., for the United States.

DEVITT, Chief Judge.

The petitioners, both citizens of the United States, filed this petition on February 13, 1963 under the provisions of Section 323 of the Immigration and Nationality Act (8 U.S.C. § 1434). The provisions pertinent to this petition read as follows:

"(a) An adopted child may, if not otherwise disqualified from becoming a citizen by reason of section 313, 314, 315, or 318 of this Act, be naturalized before reaching the age of eighteen years upon the petition of the adoptive parent or parents, upon compliance with all the provisions of this title, if the adoptive parent or parents are citizens of the United States, and the child—

"(1) was lawfully admitted to the United States for permanent residence;

"(2) was adopted before attaining the age of sixteen years; and

"(3) subsequent to such adoption has resided continuously in the United States in legal custody of the adoptive parent or parents for two years prior to the date of filing such petition.

"(b) In lieu of the residence and physical presence requirements of section 316(a) of this Act such child shall be required to establish only two years' residence and one year's physical presence in the United States during the two-year period immediately preceding the filing of the petition. * * *"

Ute Porsche Turrittin, the beneficiary of this petition for naturalization, was born on May 7, 1948 in Austria. She was lawfully admitted to the United States for permanent residence on November 15, 1958. She was adopted by the petitioners on December 21, 1959. The beneficiary has never been absent from the United States and except for the period September 1, 1960 to September 1, 1962, she lived in the home of the petitioners since her arrival in the United States. During the excepted period

the beneficiary lived in the home of the male petitioner's nephew. This was necessary because the adoptive mother was absent from the United States from August 22, 1960 to August 30, 1962. The adoptive mother went to Austria to attend to her father who had suffered a stroke. The adoptive father was absent from the United States from June 13, 1961 to August 30, 1962 during his sabbatical leave from the University of Minnesota and in conjunction with a National Science Foundation project.

Subsection (a) (3) requires the child beneficiary to reside continuously in the United States in the legal custody of the adoptive parent for two years prior to the filing of the petition. Can this requirement be met if the parents are abroad and the child beneficiary is in the United States during the two year period?

8 U.S.C. § 1101(a) (33) defines the term "residence" as: "[T]he place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent." Under this definition the petitioning parents were residing abroad during the two year period. However, 8 U.S.C. § 1434 makes no reference to the adoptive parents' residence or physical presence in the United States. This section requires only that the adoptive parents be citizens of the United States. Thus even though the petitioning parents may have been residing abroad during the two-year period, this does not preclude the naturalization of the beneficiary.

The beneficiary has resided in the United States since November 20, 1958. Her usual and only place of abode was in the United States, either in the home of the petitioners or their nephew. She remained in the legal custody of her adoptive parents during the temporary absence of the adoptive parents. The language of Section 323 does not require that the adoptive parents and the beneficiary reside together in the same household.

A petition for naturalization under Section 323 differs from the usual naturalization case where one petitions in his own behalf. Where an alien petitions in his own behalf, the Immigration and Nationality Act with good reason requires that the petitioner's actual dwelling place be in the United States. The instant petition was filed under Section 323 by citizens of the United States in behalf of their adoptive daughter whose actual dwelling place has been in the United States since 1958 and who has never been absent from the United States.

The beneficiary of this petition for naturalization has met the requirement of residing continuously in the United States in the legal custody of the adoptive parents for two years prior to the date of filing the petition. The petition is granted.